1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ANTHONY COLEMAN,

11          Plaintiff,                    No. 2:12-cv-1496 CKD P

12      vs.

13  MATTHEW CATE, et al.,

14          Defendants.              ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17  U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18  pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19  § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21  U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23  U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

24  collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

25  Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

26  preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

19  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

20  cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

21  1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted

22  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129

23  S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has

24  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

25  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

26  \\\\\

1    In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

5    Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.

6  See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set

7  forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of

8  the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8

9  requires only "sufficient allegations to put defendants fairly on notice of the claims against

10  them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of

11  the cause of action are present, but are scattered throughout the complaint and are not organized

12  into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is

13  proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

14    Plaintiff brings the complaint against four named defendants.  (Dkt. No. 1.)  He

15  alleges that on August 11, 2011, correctional officers Perez and Oliver approached his cell and

16  told plaintiff and his cellmate to "strip out" – i.e., remove their clothes.  Plaintiff's cellmate did

17  so and was placed in handcuffs.  Plaintiff, who was in a wheelchair, stated that he would need

18  assistance from his cellmate or to transfer from his wheelchair to a bunk, in order to strip out.

19  Plaintiff alleges that Oliver would neither uncuff his cellmate or allow plaintiff to move from his

20  wheelchair to a bunk.  When plaintiff attempted the latter, Oliver sprayed plaintiff and his

21  cellmate with pepper spray "without provocation, reason, or warning[.]"  (Id. at 6.)  Plaintiff

22  alleges that this constituted excessive force in violation of the Eighth Amendment, and seeks

23  monetary damages against Oliver.  (Id. at 9.)  The court finds that, for screening purposes,

24  plaintiff has stated an Eighth Amendment claim against Oliver.

25    However, plaintiff fails to state a claim against any other named defendant.

26  Although defendant Perez was allegedly present while plaintiff was pepper sprayed, Perez is not

1   alleged to have used any force against plaintiff.  While Secretary Cate and Acting Warden Ron

2   Barnes are also named as defendants, plaintiff has not alleged their direct involvement in the

3   incidents described.  Supervisory personnel are generally not liable under § 1983 for the actions

4   of their employees under a theory of respondeat superior and, therefore, when a named defendant

5   holds a supervisorial position, the causal link between him and the claimed constitutional

6   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague

8   and conclusory allegations concerning the involvement of official personnel in civil rights

9   violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10  Thus, the complaint should be dismissed as to these defendants.

11          Plaintiff will be given 30 days from the date of service of this order to amend his

12  complaint to cure any deficiencies outlined above.  Plaintiff is not required to file an amended

13  complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-

14  mentioned defendants with prejudice.  Upon filing an amended complaint or expiration of the

15  time allowed therefor, the court will make further orders for service of process upon some or all

16  of the defendants.

17          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21  there is some affirmative link or connection between a defendant's actions and the claimed

22  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

23  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

24  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

25  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26  \\\\\

1     In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8     Furthermore, any amended complaint shall not include allegations unrelated to the

9  claims that are the subject of this action.

10     Plaintiff's request for an injunction will be addressed in a separate order.

11     In accordance with the above, IT IS HEREBY ORDERED that:

12     1. Plaintiff's motion to proceed in forma pauperis is granted;

13     2. Plaintiff's claims against defendants Cate, Perez, and Barnes are dismissed with

14  leave to amend;

15     3. Plaintiff is granted 30 days from the date of service of this order to amend his

16  complaint to cure the deficiencies outlined in this order.  Plaintiff is not required to file an

17  amended complaint, but failure to do so will be construed as plaintiff's consent to the dismissal

18  of the above-mentioned defendants;

19     4.  If plaintiff elects to amend, any amended complaint shall bear the docket

20  number assigned to this case, shall be labeled "Amended Complaint."

21     5.  Upon filing an amended complaint or expiration of the time allowed therefor,

22  the court will make further orders for service of process upon some or all of the defendants.

23   Dated: August 9, 2012

24                                              _____

25                                              CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE

26  2 - cole1496.B