1

2

3

4

.

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY COLEMAN,

11            Plaintiff,              No. 2:12-cv-1496 WBS CKD P

12        vs.

13   MATTHEW CATE, et al.,           ORDER SETTING
                                     SETTLEMENT CONFERENCE
14            Defendants.
                                     April 4, 2013, 9:00 a.m.
15   _____/

16            Plaintiff is a state prisoner proceeding pro se in a civil rights pursuant to 42

17   U.S.C. § 1983.  On March 13, 2013, the parties filed a Stipulation to Request Court to Refer

18   Case to Pro Se Mediation Program.  Dckt. No. 22.  This case will be referred to Magistrate Judge

19   Kendall J. Newman to conduct a settlement conference at the U. S. District Court, 501 I Street,

20   Sacramento, California 95814 in Courtroom #25 on April 4, 2013 at 9:00 a.m.  A separate writ of

21   habeas corpus ad testificandum will issue forthwith.

22            In accordance with the above, IT IS HEREBY ORDERED that:

23            1.  This case is set for a settlement conference before Magistrate Judge Kendall J.

24   Newman on April 4, 2013, at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento,

25   California 95814 in Courtroom #25.

26   \\\\\

        2.   A representative with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

        3.   Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

        4.   Judge Newman or another representative from the court will be contacting the parties either by telephone or in person, approximately one week prior to the settlement conference to ascertain each party's expectations of the settlement conference.

 Dated: March 18, 2013

                                    _____
                                    CAROLYN K. DELANEY
                                    UNITED STATES MAGISTRATE JUDGE

2/sp
cole1496.med

---

    [1]The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).